No. 380

STEFFNER v. STEFFNER, et al.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5300. Decided Nov. 3, 1924

415. DOMESTIC RELATIONS—No agreement for future support of father by son held to exist under facts of this case.—If such agreement did exist, it was fraudulent and void on account of inadequacy of consideration and ill health of father.

LEVINE, J.

This was an action to declare a trust. Magdalene Steffner and Adolph Steffner were owners in common of a certain parcel of real estate, a bank account and a first mortgage note. Magdalene Steffner died in Jan. 1922, leaving an undivided one-half interest in the above property. She left a will by the terms of which she gave all her husband for the period of his life and after his death to be divided equally between the children. On the day of her death, Adolph Steffner signed a deed conveying all his interest in said property to Charles Steffner, a son. A few days later the father also gave this son all the money in the bank for the purchase of an automobile. Still later the father made a will by the terms of which he specifically ratified the conveying of the real estate and gave the mortgage note to Edward Steffner and Arnie Steffner.

The father was in ill health during all of this time and died a few weeks after the death of Magdalene Steffner. Edward Steffner filed suit to have Charles Steffner declared a trustee of the property then in his possession, insofar as it related to the undivided one-half

## STATE COURT OF APPEALS—Continued

interest formerly owned by said Magdalene Steffner. The defendant claimed that this conveyance was made in return for a promise to support the father for the remainder of his life. In granting the relief prayed for, the Appeals held:

1. There was no contract ever entered into between the father and son for the future care and support of the father.

2. Taking into consideration the gross inadequacy of consideration, if there be a contract, the extreme ill health of the father and the other circumstances of the case, the conveyance can be characterized as fraudulent.

Attorneys—M. C. Harrison, for Steffner, plaintiff in error; Locher, Green and Woods, for Steffner, et al, defendants in error; all of Cleveland.